AVALO, APPELLANT, *v*. PORRATA ET AL., RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1.

No. 882.—Decided January 22, 1913.

LIS PENDENS ATTACHMENT—ATTACHMENT WITHOUT BOND.—In order that an attachment to secure the effectiveness of a judgment may be ordered without bond, it must appear clearly from an authentic document that the obligation may be legally enforced in accordance with section 4 of the law to secure the effectiveness of judgments, approved March 1, 1902. The documents presented in this case do not show clearly that the obligation is legally enforceable. Decided on the grounds of the opinion delivered in Case No. 881, *Avalo* v. *Porrata et al.*, decided January 22, 1913.

The facts are stated in the opinion.

Messrs. *J. R. F. Savage* and *H. H. Scoville* for appellant.

Messrs. *José A. Poventud* and *Horacio S. Belaval* for respondents.

Mr. *José de Guzmán Benítez* for Clotilde Veve.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On April 26, 1911, José Avalo Sánchez filed a complaint in the District Court of San Juan, Section 1, against Josefa Rafaela Porrata Doria y Veve and others praying for a judgment to the effect that the defendants respect and comply with the terms of a contract made by María Díaz Siaca and pay and deliver to the plaintiff the sum of $36,460.05, American gold, with interest thereon at 1 per cent per month from March 1, 1909, until paid plus the costs and damages suffered by the plaintiff by reason of the delay in making the payment, which damages were caused first by María Díaz y Siaca and afterwards by the defendants, the complaint also praying for costs and attorney's fees against the defendants.

On the following day, April 27, the plaintiff, Avalo Sánchez, filed a written motion in said court praying that in order to secure the effectiveness of such judgment as might be rendered in the suit, sufficient property of the defendants be attached to secure the sum of $70,000, the amount to which

the liability of the defendants would reach for principal, interest, costs, damages, and attorney's fees, and without requiring the plaintiff to furnish security therefor owing to the fact, as he alleged, that the obligation is for the payment of a sum of money clearly shown by means of authentic documents.

On May 10 of said year the District Court of San Juan ordered the attachment of sufficient property of the defendants to secure the sum of $45,878.89 without requiring the plaintiff, Avalo Sánchez, to furnish security. Objection having been raised against this order it was set aside and the attachment levied on the property of the defendants was dissolved by another order of November 27, 1911, on the same grounds given in case No. 4675 of the said court, and the plaintiff was advised that if he desired to secure the effectiveness of the judgment to be rendered in this case he should furnish such bond as the court might see fit to demand.

An appeal from that order was taken by José Avalo Sánchez and is now before us for our review and decision, the formalities of the law having been duly complied with.

The documents filed by appellant in the court below in support of his petition for a decree that the property of the defendant be attached to secure the effectiveness of the judgment without bond, are the same which were briefly set forth in the opinion of our colleague, Mr. Justice Aldrey, and which served as the grounds for the decision rendered today by this court in case No. 881, *José Avalo Sánchez* v. *María Joaquina Porrata Doria et al., ante* p. 19, appealed from the District Court of San Juan, Section 1.

We refer to the facts set forth in said opinion and apply them to this case, the grounds stated for the decision rendered in case No 881 decided today being also applicable to the case at bar and it being unnecessary to repeat them.

According to section 4 of the Act to secure the effectiveness of judgments, approved March 1, 1902, an order for an attachment to secure the effectiveness of a judgment without

security shall not be entered unless it be clearly shown by means of an authentic document that the fulfilment of the obligation is legally enforceable. In the present case the fact that the obligation is legally enforceable does not appear clearly and we will not say whether it is or not, as this is a question to be settled in the decision to be rendered in the action brought by José Avalo Sánchez.

The order appealed from conforms to the facts and the law and should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.